UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GREGORY PACKAGING, INC.
1125 Easton Road
Bethlehem, PA 18055-0207

    Plaintiff,

v.

SODEXO OPERATIONS, LLC
1013 Centre Road
Wilmington, DE 19805

Serve on:
Corporate Creations Network, Inc.
#700
2 Wisconsin Circle
Chevy Chase, MD 20815
*Resident Agent*

    Defendant.

Case No.:   24-cv-187

## CIVIL COMPLAINT

Plaintiff Gregory Packaging, Inc. ("GPI" or "Plaintiff"), by its undersigned attorneys, hereby brings this Civil Complaint against Sodexo Operations, LLC ("Sodexo Operations" or "Defendant"), and states and alleges as follows:

### PARTIES

1. Plaintiff GPI is a New Jersey corporation with a principal place of business in the State of Pennsylvania.

2. Upon information and belief, Sodexo Operations is a Delaware limited liability company with a principal place of business in Gaithersburg, Maryland.[1]

---

[1] Defendant's registration with the Maryland Department of Assessments and Taxation identifies its principal place of business as 1013 Centre Road, Wilmington, Delaware 19805. In contrast, the Supply Agreement between the Parties upon which this Civil Complaint is predicated

1

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Sodexo Operations because the Parties contractually agreed to the exclusive jurisdiction of the courts of the State of Maryland and the federal courts in the District of Maryland for purposes of any dispute or controversy arising out of, or under, the Parties' Supply Agreement. *See* **Exhibit A** hereto (original Supply Agreement dated October 1, 2006) at ¶ 27. In addition, this Court has general jurisdiction over Sodexo Operations because, on information and belief, Sodexo Operations' true principal place of business is in Gaithersburg, Maryland.

4.      This Court has subject-matter jurisdiction over this dispute because there is complete diversity of the parties and because the amount in controversy exceeds $75,000. Specifically, upon information and belief, Sodexo Operations is a single-member limited liability company with a corporate member, Sodexo, Inc., which is a Delaware corporation with a principal place of business in the District of Columbia.

5.      Venue is proper in this District because the sole Defendant resides, or is deemed to reside by operation of law, in this District. *See* 28 U.S.C. § 1391(b)(1) and § 1391(c)(1). In addition, venue in this District is proper because the Parties contractually agreed to the exclusive jurisdiction of the courts of the State of Maryland and the federal courts in the District of Maryland for purposes of any dispute or controversy arising out of, or under, the Parties' Supply Agreement.

---

identifies Defendant's principal place of business as 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878. *See* **Exhibit A** hereto. Of these, it is believed that the latter Maryland address is Defendant's true principal place of business.

## FACTS

6. GPI is a third-generation family company, currently owned and managed by two brothers, that is in the business of selling juice cups to institutions such as schools and hospitals under the brand name Suncup Juice.

7. Upon information and belief, Sodexo Operations is a group purchasing organization that organizes purchasers of food products into a large group to negotiate volume discounts from sellers such as GPI.

8. GPI entered into a Supply Agreement dated October 1, 2006 with "Sodexho Operations, LLC" (later, on or about April 4, 2008, renamed "Sodexo Operations, LLC") that, by amendments thereto, ended by September 30, 2023.

9. Under the Supply Agreement, GPI agreed to sell its food products to distributors designated by Sodexo Operations (the "Designated Contract Distributors") at prices set forth under the Supply Agreement.

10. The sale of GPI's food products to a Designated Contract Distributor, and the subsequent sale to an end user, resulted in GPI owing Sodexo Operations an allowance ("Allowance") at a rate set under the Supply Agreement (the "Supply Agreement Rate"). Sodexo Operations was entitled to the Allowance only for GPI products sold to Designated Contract Distributors and at the Supply Agreement Rate, and not for sales by GPI to any other distributor at the distributor's blanket price.

11. Under the Supply Agreement, Sodexo Operations was to provide, from time to time, reporting showing the total volume, itemized by product, by each Designated Contract Distributor, and the overall periodic total volume.

12. Sodexo Operations' form of reporting, however, concealed the volume of product that was sold that would have been subject to an Allowance.

13. GPI had no available means by which to verify the information that Sodexo Operations was reporting without access to the complete records of both Sodexo Operations and the Designated Contract Distributors, which records are not generally available to GPI.

14. In June 2023, GPI noted a discrepancy between a report from Sodexo Operations and the amounts that Sodexo Operations was claiming had been purchased under the Supply Agreement. Specifically, GPI noted that Sodexo Operations had, since the beginning of 2023, invoiced GPI for approximately 120,000 cases more than what was being reported by the Designated Contract Distributor.

15. GPI timely informed Sodexo Operations that it had questions regarding the overbilling by Sodexo Operations and requested documents and information from Sodexo Operations to determine the scope of overbilling.  Specifically, GPI requested that Sodexo Operations provide its Designated Contract Distributors' invoices, which are not otherwise available to GPI, so that GPI could compare them to Sodexo Operations' invoices.  Sodexo Operations did not provide the requested documents and did not satisfactorily respond to GPI's requests.

16. Instead, through its Director of Supply Management (Dan Mueller), Sodexo Operations informed GPI on or about July 7, 2023, that Sodexo Operations had assumed that certain cases sold within six percent of Sodexo Operations' price were sales to which an Allowance applied, and Sodexo Operations charged GPI accordingly. This resulted in Sodexo Operations overcharging GPI significantly beyond what was permitted under the Supply Agreement.

17. Sodexo Operations also advised GPI during the July 7, 2023 communication that it would provide GPI with certain sales and accounting information related to the overcharges and the Designated Contract Distributors, but that never occurred.

18. On information and belief, since the formation of the Supply Agreement, Sodexo Operations has wrongfully charged GPI, and GPI has overpaid to Sodexo Operations, Allowances for potentially hundreds of thousands of cases (if not more than one million) of juice at a value of more than $1,000,000, the exact amount to be determined through discovery because it is in the sole possession of Sodexo Operations.

## COUNT ONE – BREACH OF CONTRACT

19. GPI incorporates the allegations of Paragraphs 1 to 18 as if fully set forth herein.

20. The Supply Agreement, as amended, is an enforceable contract setting forth the respective rights of GPI and Sodexo Operations.

21. By overcharging GPI beyond the Allowances permitted under the Supply Agreement, Sodexo Operations materially breached its contract with GPI.

## COUNT TWO – UNJUST ENRICHMENT

22. GPI incorporates the allegations of Paragraphs 1 to 18 as if fully set forth herein.

23. In the alternative, should this Court find that Sodexo Operations did not breach any contract with GPI, Sodexo Operations has been unjustly enriched by GPI's paying to it Allowances beyond those permitted under the Supply Agreement.

24. By paying those additional Allowances. GPI conferred a benefit upon Sodexo Operations.

25. Sodexo Operations appreciated or knew that its receipt of the additional Allowances conferred a benefit to it.

26.     Sodexo Operations' acceptance and retention of those additional Allowances make it inequitable for Sodexo Operations to retain those benefits without their return or payment of their value.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Sodexo Operations, and award Plaintiff the following relief:

A.      Damages in the amount of at least $1,000,000, or such further amount to be determined through this civil action;

B.      An accounting by Sodexo Operations as to the Supply Agreement and all information relating to Sodexo Operations' periodic reporting to GPI thereunder;

C.      Prejudgment interest at the legal rate of six percent per annum;

D.      Post-judgment interest at the legal rate;

E.      Court costs; and

F.      Any such other relief as this Court may find just and proper.

*/s/ Ty Kelly Cronin*
Ty Kelly Cronin (Fed. Bar No. 27166)
Alison C. Schurick (Fed Bar No. 19770)
Christopher C. Dahl (Fed Bar No. 29649)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
100 Light Street, 19th Floor
Baltimore, MD 21202
Phone: (410) 862-1134
tykelly@bakerdonelson.com
aschurick@bakerdonelson.com
cdahl@bakerdonelson.com

*Attorneys for Plaintiff Gregory Packing, Inc.*