IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY PACKAGING, INC.

     v.

SODEXO OPERATIONS, LLC

:
:
:  Civil Action No. DKC 24-187
:
:
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this breach of contract action is the motion to dismiss Count II of Plaintiff's Amended Complaint. (ECF No. 25). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for partial dismissal will be granted.

## I.  Background

The facts outlined here are alleged in the Amended Complaint (and the exhibit). Gregory Packaging, Inc. ("GPI"), a New Jersey corporation with a principal place of business in Pennsylvania, sells juice cups under the name Suncup Juice. Defendant Sodexo Operations, LLC ("Sodexo") has one member, Sodexo, Inc., a Delaware corporation with a principal place of business in Maryland. Sodexo organizes purchasers of food products to negotiate volume discounts from sellers such as GPI. The parties entered into a Supply Agreement on October 1, 2006, whereby GPI agreed to sell

its products to designated contract distributors designated by
Sodexo at agreed-upon prices.[1]   The Supply Agreement is attached
as Exhibit A.   In consideration of Sodexo designating GPI as a
preferred supplier, GPI agreed to pay to Sodexo a quarterly
preferred supplier allowance based on the number of cases purchased
by the designated contract distributors pursuant to the Supply
Agreement.   Sodexo was to provide a report showing the total
volume, itemized by product, by each designated distributor and an
overall volume report reflecting the cumulative total volume.
Section 8 of the Agreement provided:

> Reports.
> a.   during the Term, Vendor shall confirm,
> within thirty (30) days following receipt
> thereof, the accuracy of the following reports
> which Vendor will receive from Sodexho:
> (i) Distributor Report.   The "Distributor
> Report" shall show for each of Sodexho's
> fiscal quarters the total Volume, itemized by
> Product, by each Designated Contract
> Distributor;
> (ii) Overall Volume Report.   The "Overall
> Volume Report" shall show for the quarter, the
> cumulative total Volume.
> b.   If Vendor determines that either of the
> above referenced reports is not accurate,
> Vendor shall send Sodexho on or before the
> thirtieth (30th) day of receipt written notice
> setting forth the reasons it believes that
> such Report is not accurate.   The Parties

---

[1]   Sodexho Operations, LLC was the signator to the Supply
Agreement.   Sodexho Operations, LLC changed its name to Sodexo
Operations, LLC on April 4, 2008.

> shall meet within thirty (30) days from the
> date on which Sodexho receives the notice and
> negotiate in good faith to reconcile their
> differences.   Nothing herein shall limit
> Sodexho's right to invoice Vendor for
> Allowances owed from previous quarters, but
> not yet paid by Vendor.

Any disputes under the parties' Supply Agreement were be determined pursuant to the laws of the State of Maryland.

GPI contends that the form of reporting concealed the volume of product that was sold that would have been subject to the allowance.  It also alleges that it had not an available means by which to verify the information that Sodexo was reporting without access to complete records of both Sodexo and the Designated contract distributors, which records were not generally available to it.  GPI noted a discrepancy in June 2023 between a report from Sodexo and the amounts that Sodexo was claiming had been purchased under the Supply Agreement.  GPI requested copies of invoices from the designated contract distributors to compare with the Sodexo invoices.  Because the requested records were not received, the parties ended their contractual relationship in September 2023. GPI filed a Complaint on January 19, 2024, which initiated this case and an Amended Complaint on July 5, 2024, alleging three causes of action against Sodexo: 1) breach of contract, 2) breach of contract (implied covenant of good faith and fair dealing), and

3

3) unjust enrichment.  (ECF No.18).  Sodexo filed a partial motion to dismiss on July 19, 2024, asserting that Count II of the Amended Complaint for breach of the implied covenant of good faith and fair dealing is not recognized as an independent cause of action under Maryland law.  (ECF No. 25).  GPI filed a response in opposition on August 2, 2024, and Sodexo filed a reply on August 16, 2024.  (ECF Nos. 26, 27).

## II.  Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting

Fed.R.Civ.P. 8(a)(2)).   Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. Analysis

Sodexo contends that the breach of contract claim for breach of the implied covenant of good faith and fair dealing in Count II of the Amended Complaint is not a recognized independent cause of action under Maryland law, and is duplicative of Count I.   GPI argues that Count II is not a standalone breach of the implied covenant of good faith and fair dealing claim.   Rather, the theory of breach of the implied covenant of good faith and fair dealing is pleaded as an element to a breach of contract claim.   GPI also contends that Fed.R.Civ.P. 8(d)(2) permits the pleading of an alternative breach of contract claim without being duplicative because the Supply Agreement was breached in two different ways. First, Sodexo concealed what transactions should be subject to the Allowance and second, refused to supply GPI with the data needed to verify Sodexo's invoices thereby hindering its ability to comply with the Supply Agreement.   In its reply, Sodexo observes that GPI only pleads breach of implied covenant and does not plead the elements of a breach of contract claim.   Further, because both

5

Counts I and II claim Sodexo overcharged GPI, Count II is duplicative and should be dismissed.

Sodexo also states that GPI's argument that its ability to comply with the Supply Agreement was frustrated by Sodexo's alleged failure to provide documentation to support its invoices is not included in the Amended Complaint and that it is GPI's burden under the Supply Agreement to maintain sales records.

"Under Maryland law, the elements of a claim for breach of contract are "'contractual obligation, breach, and damages.'" *Kantsevoy v. LumenR LLC*, 301 F.Supp.3d 577, 596 (D.Md. 2018) (quoting *Tucker v. Specialized Loan Servicing, LLC*, 83 F.Supp.3d 635, 655 (D.Md. 2015)). "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Jaguar Land Rover N. Am., LLC v. Manhattan Imported Cars, Inc.*, 738 F.Supp.2d 640, 649 (D.Md. 2010) (citing *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001)). Maryland law requires that a plaintiff "alleging a breach of contract 'must of necessity allege with certainty and definiteness' *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *Jaigobin v. U.S. Bank, NA*, No. 18-cv-1776-DKC, 2019 WL 4598000, at *7 (D.Md.

Sept. 23, 2019), *aff'd*, 797 F.App'x 776 (4ᵗʰ Cir. 2020) (quoting *RRC Northeast, LLC v. BAA Maryland, Inc.*, 412 Md. 638, 655 (2010)) (emphasis in original).  A plaintiff must also show that it itself is not in material breach of the contract.  *See Va. Elec. & Power Co. v. Bransen Energy, Inc.*, 850 F.3d 645, 655 (4ᵗʰ Cir. 2017) ("'[A] party who commits the first breach of contract,' if material, 'is not entitled to enforce the contract.'") (quoting *Horton v. Horton*, 254 Va. 111, 115 (1997)).

"Maryland recognizes that every contract imposes a duty of good faith and fair dealing in its performance." *Doe v. Maryland*, No. 20-cv-1227-ELH, 2021 WL 1174707, at *37 (D.Md. Mar. 29, 2021) (citing *Food Fair Stores, Inc. v. Blumberg*, 234 Md. 521, 534 (1964)).  "However, Maryland courts have not explicitly recognized a separate cause of action for breach of this duty."  *Md. Physician's Edge, LLC v. Behram*, No. 17-cv-2756-DKC, 2019 WL 4573417, at *8 (D.Md. Sept. 20, 2019) (quoting *Abt Associates, Inc. v. JHPIEGO Corp.*, 104 F.Supp.2d 523, 534 (D.Md. 2000)).  "A breach of the covenant of good faith and fair dealing supports another cause of action, such as breach of contract" and is thus "merely part of an action for breach of contract." *Zos v. Wells Fargo Bank, N.A.*, No. 16-cv-00466-GJH, 2017 WL 221787, at *3 (D.Md.

7

Jan. 18, 2017) (citing *Mount Vernon v. Branch,* 170 Md.App. 457, 471-72 (2006)).

Counts I and II allege breach of the same contract. Count I alleges overcharges by Sodexo claiming Allowances for sales that were not subject to the Supply Agreement. Count II alleges a breach of the contract provisions governing reports and GPI's ability to question their accuracy. The bottom line is the same: GPI claims that Sodexo overcharged by providing reports of sales that overstated the sales subject to the Supply Agreement in a way that prevented GPI from checking (or disputing) their accuracy. In short, Sodexo claimed Allowances by the reports, which, by definition, were supposed to be accurate. There really is only one breach of contract claim and count II will be dismissed.

**IV. Conclusion**

For the foregoing reasons, Sodexo's motion to dismiss Count II of GPI's Amended Complaint will be granted. A separate order will follow.

_____
/s/

DEBORAH K. CHASANOW
United States District Judge
